BELL DRUG COMPANY, APPELLEE, v. WILLIAM L. HUFF-MAN ET AL., APPELLANTS.

FILED NOVEMBER 16, 1910. No. 16,165.

Appeal: FINDINGS OF FACT: CONFLICTING EVIDENCE. A finding of fact made upon conflicting evidence by a jury or trial judge in an action at law will not be disturbed unless it is manifestly wrong.

APPEAL from the district court for Douglas county: ABRAHAM L. SUTTON, JUDGE. *Affirmed.*

*W. H. Herdman,* for appellants.

*W. N. Chambers, contra.*

BARNES, J.

Action for rent due the plaintiff from the defendants for the use and occupancy of the second and third floors of the building known as number 1216 Farnam street in the city of Omaha. It was alleged in the petition that the defendants leased the premises in question from the plaintiff at an agreed rental of $60 a month; that they took possession of and occupied the same from the 1st day of December, 1906, until the 1st day of April, 1907; that they paid rent for the month of December, 1906, only, and that there was due from the defendants to the plaintiff the sum of $180 and interest thereon, for which sum the

plaintiff prayed judgment. The answer admitted the leasing and occupancy of the premises, and as a defense alleged the breach of an agreement to repair. It was further alleged that by reason thereof the defendants had been obliged to vacate the premises, and had sustained damages to an amount largely in excess of the plaintiff's claim. The items of defendants' counterclaim were for loss of profits in the business, expenses in moving to and from the premises, and interest on the value of their stock during the time covered by their occupancy. The reply was a general denial, and upon those issues the cause was tried to the district court for Douglas county without the intervention of a jury. At the conclusion of the trial the court found generally for the plaintiff and against the defendants, and rendered a judgment for the amount claimed by the plaintiff's petition.

The defendants have appealed, and assign several grounds for a reversal of the judgment, among which are the failure of the court to allow them any damages for the breach of the alleged agreement to repair. It appears, however, that upon the issue as to whether or not there was such an agreement the trial court found for the plaintiff, and the disallowance of the defendants' counterclaim followed as a matter of course. The evidence in the case was somewhat conflicting, but from a careful reading of the bill of exceptions we find that there was sufficient competent evidence to sustain the finding and judgment of the trial court. The rule that a finding of fact made by a jury or trial judge in an action at law will not be disturbed if supported by competent evidence is so well settled that it is unnecessary to cite authorities in support of it.

Following this rule, it only remains for us to affirm the judgment of the trial court.

JUDGMENT AFFIRMED.